UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


DAVID O'REAR,

    Plaintiff,

v.                                                                           CASE NO: 8:09-cv-1903-T-26TGW

GREENWICH INSURANCE COMPANY,

    Defendant.
_____/


**<u>O R D E R</u>**

The parties, through counsel, are currently embroiled in a dispute with respect to whether Defendant's pending motion for summary judgment should be stricken again for failure to abide by the directive of paragraph 6(a) of the Court's Case Management and Scheduling Order entered November 30, 2010, at docket 12, requiring the moving party to confer in good faith with the opposing party for the purpose of narrowing the factual issues in dispute before filing a motion for summary judgment. The parties submissions also reflect a strong disagreement between the parties as to whether the Court should afford Plaintiff more time within which to respond to the motion based on Plaintiff's need to engage in additional discovery, some of which is outstanding,[1] as well as a dispute as to whether Plaintiff is entitled to additional discovery before

---

[1] Although Plaintiff's counsel has withdrawn his reply filed at docket 30 based on Local Rule 3.01(c), the Court will nevertheless consider it under the auspices of Rule 56(f) of the Federal Rules of Civil Procedure which, as interpreted by the Eleventh Circuit Court of Appeals, does not require the filing of an affidavit when counsel has made representations expressing the need for additional discovery which is outstanding. See <u>Fernandez v. Bankers Nat'l Life Ins.</u>

being compelled to respond to the motion. After due consideration of the parties' submissions, together with the relevant Eleventh Circuit precedent, the Court issues the following order in the exercise of its discretion in order to conserve client and judicial resources:

1) The discovery cut-off date is extended until September 21, 2010, because the Court concludes that Plaintiff is in need of additional discovery, some of which is outstanding, in order to properly defend against Defendant's motion for summary judgment. See Fernandez v. Banker's Nat'l Life Ins. Co., 906 F.2d 559, 570 (11th Cir. 1990).

2) The dispositive motion filing deadline is extended until October 21, 2010.

3) No dispositive motion shall be entertained by the Court until after the expiration of the new discovery cut-off date.

4) The parties are directed to confer *personally* within the next seven (7) days in a good faith effort to resolve their pending discovery disputes without the necessity of Court intervention. In doing so, counsel shall be mindful of the dictates of Local Rule 2.04(h) which states that "[a]ttorneys and litigants should conduct themselves with civility and in a spirit of cooperation in order to reduce unnecessary cost and delay."

5) In the event that either party files a motion to compel, the Court will direct an expedited response and schedule an expedited hearing and will sanction any attorney or party determined to have not acted in good faith.[2]

---

Co., 906 F.2d 559, 570 (11th Cir. 1990).

[2] Prior to filing such a motion, counsel are put on notice of the requirements of Local Rule 3.01(g), which this Court has consistently interpreted as requiring counsel to confer *personally* before filing a motion to compel.

6) Defendant's Motion for Summary Judgment (Dkt. 24) is denied without prejudice to being refiled after the close of discovery.  See Wallace v. Brownell Pontiac-GMC Co., 703 F.2d 525, 527 (11th Cir. 1983) (observing in part that "[i]f the court is satisfied with the nonmovant's explanation, the court may deny the motion without prejudice . . .")

7) Plaintiff's Motion to Strike (Dkt. 26) is denied as moot.

**DONE AND ORDERED** at Tampa, Florida, on July 21, 2010.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record